IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MICHAEL ANDRE PRYOR**                                                             **PLAINTIFF**

**v.**                            **No. 3:25-cv-00236-MPM-RP**

**MELINDA NOWICKI**                                                    **DEFENDANT**

**ORDER**

On October 8, 2025, Magistrate Judge Roy Percy entered a Report and Recommendation [4] ("R&R") in response to *pro se* plaintiff, Michael Andre Pryor's Motion to Proceed *in forma pauperis* [2] recommending the dismissal of the Complaint [1] for failure to state a claim on which relief may be granted and for being frivolous. On October 21, 2025, Mr. Pryor filed an objection to the Report and Recommendation [5].

Mr. Pryor filed this section 1983 action against Melinda Nowicki, the Clerk of the Circuit Court of Pontotoc County, Mississippi, in her individual capacity, for allegedly violating his due process rights by destroying the records of an expunged criminal indictment against him. Mr. Pryor seeks to recover damages in the amount of $22,550,000 for the destruction of the records. The R&R evaluated the claims and determined that Ms. Nowicki is entitled to absolute quasi-judicial immunity because her destruction of the file was an integral task to the judicial process that occurred in her role as the Clerk of Court. [4]. The large sum of damages requested and Ms. Nowicki's immunity from suit under section 1983 form the basis for the Magistrate Judge's recommendation that Mr. Pryor's claims be dismissed. Mr. Pryor objected to the R&R.

Because Mr. Pryor objected to the Magistrate Judge's R&R, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3). Under a de

1

novo review, the district court makes its "own determination based upon the record and unrestrained by the findings and conclusions of the magistrate." *United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989).

      Mr. Pryor objects to the R&R's determinations (1) that the criminal indictment against him was dismissed; (2) that Ms. Nowicki is entitled to absolute quasi-judicial immunity for destroying the record; and (3) that his claim lacks an arguable basis in law. Whether the criminal indictment is considered dismissed or not is irrelevant to the determination that Mr. Pryor has failed to state a claim upon which relief may be granted. As to his last two objections, Mr. Pryor's claim lacks an arguable basis in law because Ms. Nowicki's immunity from a 1983 suit prevents him from obtaining relief under this claim. A 1983 civil rights claim is a federal cause of action governed by federal statutory and case law. Mr. Pryor asserts that Ms. Nowicki's actions of destroying and handling his records are merely "ministerial acts" which waives any "quasi-judicial immunity." [5]. Mr. Pryor supports this assertion with citations to Mississippi statutes and case law.

      The Court will not determine if Mississippi law would provide Ms. Nowicki immunity. Under federal law, Mr. Pryor failed to raise adequate objections to the Magistrate Judge's finding of Ms. Nowicki's absolute quasi-judicial immunity from the 1983 claim. Mr. Pryor did not cite any federal law disputing the Magistrate Judge's immunity findings, nor any federal precedent that would classify Ms. Nowicki's actions as not being integral to the judicial process. *See Kirkendall v. Grambling & Mounce, Inc.*, 4 F.3d 989 (5th Cir. 1993) (quoting *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir.), *cert. denied*, 492 U.S. 921 (1989)). Without any binding case or statutory law to support his objections or to support how Ms. Nowicki's actions garnered such a high amount of damages, the Court agrees with Judge Percy that this case must be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

2

**THEREFORE, IT IS ORDERED** that Mr. Pryor's objections to the Report and Recommendation [5] are **OVERRULED** and the Magistrate Judge's Report and Recommendation [4] is **APPROVED AND ADOPTED** as the order of this Court. The case is hereby **DISMISSED**, and Mr. Pryor's Motion to Proceed *in forma pauperis* [2] is **DENIED**.

A separate judgment in accordance with this order will be entered on this date.

**SO ORDERED** this 9th day of December, 2025.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI